SUSAN JEUDE et al., Appellants, v. THOMAS B. SIMS et al., Respondents.

St. Louis Court of Appeals, February 21, 1910.

JURISDICTION: Appellate Jurisdiction: Suit to Quiet Title: Appeal from Order Setting Aside Judgment. A case to quiet the title to land falls within the clause of the Constitution which withholds jurisdiction from the Court of Appeals of causes involving the title to real estate, and the Court of Appeals has no jurisdiction of an appeal from an order setting aside a final judgment in such a cause; the Supreme Court alone having jurisdiction thereof.

Appeal from Ste. Genevieve Circuit Court.—*Hon. Chas. A. Killian,* Judge.

TRANSFERRED TO SUPREME COURT.

*Jere S. Gossom* and *W. O. Anderson* for appellants.

*Ely & Kelso* and *John A. Hope* for respondent.

GOODE, J.—This case is statutory and was instituted to quiet the title to a certain tract of land on averments plaintiffs are the owners in fee, the land is

not in the possession of any person, it is wild and uncultivated, and defendants claim title to it and an estate in it adverse to plaintiffs; wherefore the court was prayed to ascertain and determine the estate, title and interest of plaintiffs and defendants respectively, and define and adjudge the same by decree. In answer a general denial was filed. The case was set for hearing on July 23, 1906, at the April term of the Ste. Genevieve Circuit Court, to which a change of venue had been granted. On said day defendants made application for a continuance to the next day, July 24th, setting up an agreement between George H. Williams, the main attorney for defendants and the plaintiffs, or two of them, for a continuance of the case to the next regular term of the court. The application for continuance showed this agreement had been made some time prior to the date of the trial, and in reliance on it Judge Williams had not attended the Ste. Genevieve court on the day the case was set for trial, and had notified the other counsel for defendants of the agreement and that pursuant to it the case would be continued. The application further showed the other attorneys of defendants who were present in the Ste. Genevieve Circuit Court on July 23d, had none of the papers or muniments of title showing the title to the land in controversy was in defendants, but all such papers were in the possession of Judge Williams, or one of the defendants, Thomas B. Sims, who, the application said, was ill and unable to attend the court. It was further shown Judge Williams, the main counsel for defendants, could be present with their muniments of title on the next day, July 24th. Formal averments of diligence and that the application was not made for vexation and delay were set forth. This application was overruled; whereupon the attorneys for defendants, who were present, withdrew from the case and refused to take part in the proceedings, and judgment was entered for plaintiff upon evidence submitted by them. This judgment

Jeude v. Sims.

found plaintiffs were the owners in fee of the land described in the petition, with a dower interest in plaintiff Susan Jeude, the widow of Casper Jeude, and each of the other plaintiffs owned an undivided one-fifth interest in the fee, subject to said dower; that defendants had no right, title or interest in the land, and it was considered and adjudged that the absolute legal and equitable title to it was in plaintiffs, and defendants and those claiming under them, should be precluded and barred from ever setting up any right, title or estate in or to the premises. On the day the judgment was rendered the court adjourned to court in course, which was the October term, 1906. Nothing was done in the case during the latter term, but in vacation, and on February 19, 1907, the defendants filed a motion or petition in the clerk's office to have the judgment entered on July 23d, 1906, set aside as irregular and as having been prematurely rendered. The real grounds of the petition were the agreement aforesaid between Judge Williams as counsel for defendants and two of the plaintiffs, that the cause should not be heard on July 23, 1906, or during said term of the court, but should be continued to the next term, the violation of this agreement by plaintiffs in refusing to continue the cause and their taking advantage of it in the absence of defendants and their main attorney, to obtain a judgment in their favor. It was alleged in the petition to vacate the judgment, that it was not only irregular, but had been fraudulently obtained against defendants. After hearing evidence on this petition, the court sustained it during the April term, 1907, to-wit, on April 30th. The order sustaining the petition to vacate the judgment concluded by saying it was ordered and adjudged by the court the judgment theretofore rendered in the cause be set aside and vacated, and the defendants have and recover of plaintiffs the costs in this behalf expended. Motions for new trial and in arrest were filed by plaintiffs and overruled and an appeal was

taken to this court from the order vacating the original judgment rendered in favor of plaintiffs.

We have given attention to the merits of the appeal and are prepared to decide it, but though the question has not been presented, we are satisfied the proceeding is one which lies beyond the scope of our jurisdiction. A case to quiet the title to land is held to fall within the clause of the Constitution which withholds jurisdiction from this court of causes involving the title to real estate. [Northcutt v. Eager, 132 Mo. 265, 33 S. W. 1125.] We do not perceive how we can have jurisdiction of an appeal from an order setting aside a final judgment which has been entered in such a cause, whereby the title to the land in controversy was adjudicated, any more than we would have jurisdiction to hear an appeal taken from said judgment. If we should hold the court rightly vacated the judgment, the title would remain open for future determination; that is, the case would have to be retried; but if we should hold the court wrongly vacated the judgment, we would have to reverse the ruling, leaving intact a judgment which found plaintiffs owned the land and precluded defendants, or any person claiming under them, from ever asserting title thereto. We think the appellate jurisdiction of the cause is in the Supreme Court, to which it is ordered transferred. All concur.